**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JOSEPH M. MILLER,

Plaintiff,

v.

CITY OF MEMPHIS, D. MORGAN, 15874 Police Officer, M. HARDIN, 14168 Police Officer, KENNETH MCKNIGHT, JR., 10608 Police Officer,

Defendants.

No. 2:25-cv-02515-TLP-tmp

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE**

Pro se Plaintiff Joseph M. Miller sued the City of Memphis and Memphis Police Department ("MPD") officers, alleging many statutory and constitutional violations stemming from his arrest for domestic assault in April 2025. (ECF No. 2.) Plaintiff brought two lawsuits with practically identical Complaints in May 2025. (*Compare* ECF Nos. 2, 10) *with Miller v. City of Memphis, et al.*, No. 2:25-cv-02516-TLP-tmp (W.D. Tenn.), ECF No. 2. Under Administrative Order No. 2013-05, the Court referred both cases to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. Judge Pham consolidated the cases. (ECF No. 9.) Plaintiff moved to proceed in forma pauperis. (ECF No. 3.) And Judge Pham granted the Motion. (ECF No. 14.) Judge Pham then screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the Complaint. (ECF No. 15.) The R&R informed Plaintiff that he had fourteen days to object. (*Id.*) Plaintiff objected to the R&R twenty-two days later. (ECF No. 16.)

For the reasons below, the Court **ADOPTS** the R&R's recommendation to dismiss the Complaint. The Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**BACKGROUND AND THE R&R**

In May 2025, Plaintiff filed two largely identical lawsuits, which Judge Pham consolidated.[1] (*Compare* ECF Nos. 2, 10) *with Miller v. City of Memphis, et al.*, No. 2:25-cv-02516-TLP-tmp (W.D. Tenn.), ECF No. 2. He sued the City of Memphis and three MPD officers over his April 2025 arrest. He appears to bring 28 U.S.C. § 1983 and *Monell* claims, alleging violations of his Fourth Amendment rights against false arrest and excessive force and the Double Jeopardy Clause of the Fifth Amendment. (ECF No. 15 at PageID 138.) He also purports to bring claims under many state and federal statutes: Tenn. Code Ann. §§ 39-13-101, 39-13- 303, 39-14-103, 39-14-146, 39-16-502, 39-17-309, and 39-17-315; 18 U.S.C. §§ 242 and 249; and 28 U.S.C. § 4101. (*Id.*) He alleges that he "was charged with the same crime in the same jurisdiction between 5 pm and 7 pm of Shelby Co[unty] on the same day." (ECF No. 2 at PageID 5.) Plaintiff claims that had to go to jail twice, pay two bonds, and attend two court dates. (ECF No. 15 at PageID 138.) And he seeks $3 billion in damages. (ECF No. 2 at PageID 5.)

Judge Pham pieced together Plaintiff's disjointed and confusing narrative and the two police reports that he attached to his Complaint. (ECF No. 15 at PageID 139–44.) The Court will summarize those facts here. Plaintiff was driving on White Station Road in Memphis with his wife, when he allegedly punched her in the left eye. (*Id.* at PageID 140.) His wife got out of

[1] In his order consolidating the cases, Judge Pham notes the only differences between the Complaints in the two cases "are that [Plaintiff] used a different form provided by the Clerk's office to assist pro se litigants and that he attached additional documents to his complaint in case number 25-cv-2515." (ECF No. 9.)

the car and went to a nearby business for help, where she was turned away. (*Id.*) She got back into the car. (*Id.*) Both Plaintiff and his wife returned to their apartment in Bartlett, where Plaintiff allegedly assaulted his wife again, causing severe injuries. (*Id.*) He drove his wife to a hospital in Memphis and purportedly left her in the parking lot. (*Id.* at PageID 140–41.)

Both MPD officers and Bartlett Police Department ("BPD") officers responded to the hospital.[2] (*Id.*) Plaintiff's wife reported him for domestic violence while she was being treated at the hospital. (*Id.* at PageID 141.) According to the police reports, Plaintiff returned to the hospital, heavily intoxicated, and tried to contact his wife. (*Id.*) Plaintiff was then arrested by MPD, which he allegedly resisted. (*Id.*) Plaintiff claims that the BPD officers present at his arrest told the MPD officers that they should let the BPD officers take custody of Plaintiff because the MPD lacked jurisdiction. (*Id.*) Plaintiff also claims that he was acquitted of assault and resisting arrest in May 2025. (*Id.* at PageID 141–42.) Plaintiff states that he has two active lawsuits against the City of Memphis. (*Id.* at PageID 142.)

Judge Pham screened the Complaint and issued his R&R in July 2025. (ECF No. 15.) He recommends the Court dismiss the Complaint for many reasons. First, none of Plaintiff's statutory claims provide him with a private cause of action. (*Id.* at PageID 146–48.) Plaintiff's Double Jeopardy claim fails because "§ 1983 action is not the correct procedural vehicle to raise a double jeopardy challenge" and "[Plaintiff] has not plausibly alleged facts that he has been subjected to multiple criminal punishments." (*Id.* at PageID 149–50.) His false arrest claim fails because Plaintiff does not allege that the law enforcement officers lacked probable cause to arrest him. (*Id.* at PageID 151–53.) And his excessive force claim fails because he has alleged no facts

[2] It is unclear to the Court from the Complaint and attached police reports when the BPD officer(s) arrived at the hospital, but that does not change the Court's conclusion.

that MPD's use of force was excessive. (*Id.* at PageID 153–54.) Lastly, as to Plaintiff's *Monell* claim, Judge Pham states "[b]ecause [Plaintiff] otherwise fails to plausibly allege a constitutional violation, the undersigned declines to consider whether Miller has alleged municipal liability against the City." (*Id.* at PageID 149.) Plaintiff objected to the R&R after the deadline to do so expired. (ECF No. 16.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A)–(B). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.* at § 636(b)(1). A party may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits. A party generally cannot raise new arguments or issues in objections that it did not first present to the magistrate court. *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). And "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012). So

when a plaintiff submits only vague, general, or conclusory objections—especially when those objections fail to address the alleged legal mistakes in the R&R—the district court may review for clear error, rather than de novo. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

These limits support judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy."). Raising specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it 'explains and cites specific portions of the report which counsel deems problematic." (citation omitted)).

Plaintiff's failure to object timely waives his objections. (*See* ECF No. 15 at PageID 155 ("Failure to file objections within fourteen (14) days may constitute a waiver and/or forfeiture of objections, exceptions, and further appeal.").) But even if it did not, his objections do not warrant de novo review. Plaintiff does not specify the parts of the R&R to which he objects. (ECF No. 16 at PageID 156.) Instead, he reiterates his arguments for his § 1983 and *Monell* claims through hard-to-parse, largely conclusory statements and what appears to be copy-and-

pasted internet searches for common legal phrases. For example, in support of his *Monell* claim, Plaintiff combines elements of a *Monell* claim with his own confusing statements in the third person.

> The elements of a Monell claim are: (1) deprivation of a federal right; Mr. Miller stayed in Bartlett Tennessee where the crime Started and ended Joseph would deprive of his area of residence in Shelby County(2) some governmental action can be traced to the deprivation, i.e., policy or custom; Lack of Training in jurisdictional area One act One Crime They Just wanted to take Joseph to Jail Hate crime against Joseph Michael Miller conflict of interest did not let me go with the other officer of Bartlett Tennessee (3) policy or custom demonstrating the governmental entity's fault, i.e., deliberate indifference; The City of Memphis intentionally and knowingly knows there jurisdiction and just tried me twice on the same crime In Shelby County, Tennessee One act One crime Failure to Identify intentionally and knowingly . . .

(*Id.* at PageID 158.) In many places, Plaintiff includes wording that appear to be search engine inquiries, such as "What is due process?" and "What is the Due process in simple terms?" (*Id.* at PageID 157.) The most substantive of Plaintiff's objections, and the only objection that references the R&R, states "[t]he plaintiff disagrees with the report and recommendation. The Motion to dismiss the Plaintiff case should be over turned by the Judge of the Court because of Due Processing / Unreasonable delay that no prejudicial or unequal treatment will result." (*Id.*) This is exactly the type of generalized objection that the Sixth Circuit has directed district courts to review for clear error. Given that Plaintiff's objections were late and "fail to address alleged legal mistakes in the R&R," the Court reviews the R&R for clear error.

## ANALYSIS

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

First, Judge Pham correctly notes that none of the statutes that Plaintiff alleges as bases for liability provide him with a private cause of action. (ECF No. 15 at PageID 146–48.) All those claims can therefore be dismissed.

Judge Pham is also correct that "[i]n order to state a double jeopardy violation, [Miller] must allege 'multiple criminal punishments' for the same offense." (*Id.* at 149 (quoting *Petersmark v. Burgess*, No. 1:24-CV-604, 2024 WL 3648074, at *11 (W.D. Mich. Aug. 5, 2024)).) The Court agrees with Judge Pham that "a § 1983 action is not the correct procedural vehicle to raise a double jeopardy challenge." (*Id.* at PageID 150 (citing *Milam v. Scott*, No. 1:24- CV-103-GNS, 2025 WL 373453, at *7 (W.D. Ky. Feb. 3, 2025); *Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir. 1981)).) And it agrees that "Miller has not plausibly alleged facts that he has been subjected to multiple criminal punishments, only that he has been charged with the same crime based on the same conduct in two different jurisdictions." (*Id.*) Plaintiff's Fifth Amendment claim therefore fails.

As for Plaintiff's Fourth Amendment false arrest claim, Judge Pham points out that Plaintiff must prove that MPD arrested him without probable cause. (*Id.* at PageID 151 (quoting *Miller v. Memphis Police Dep't*, No. 2:23-cv-2360-MSN-atc, 2024 WL 2972779, at *4 (W.D. Tenn. May 23, 2024)).) The Court agrees with Judge Pham that Plaintiff has not alleged that MPD lacked probable cause to arrest him for assault and resisting arrest. (*Id.* at PageID 151–53 (citing *Legenzoff v. Steckel*, 564 F. App'x 136, 142 (6th Cir. 2014) ("In assessing probable cause, this Court has held that an eye witness [sic] identification and accusation, by itself, is sufficient to establish probable cause.")).) In fact, Plaintiff provided the Court with both the MPD and BPD police reports attached to the Complaint. And those reports describe Plaintiff's two assaults—one in Memphis and one in Bartlett—his wife's report of the assaults at the hospital,

and Plaintiff's attempts to drunkenly resist arrest after returning to the hospital. (ECF No. 2-1 at PageID 34–35, 39.) Plaintiff does not dispute the officers' narratives in his Complaint and therefore has not plausibly alleged that the officers lacked probable cause.

For a Fourth Amendment excessive force claim, "[t]he [c]ourt evaluates whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 652 (S.D. Ohio 2023) (internal quotation marks omitted). A court looks at the totality of the circumstances under this inquiry. *Barnes v. Felix*, 605 U.S. 73, 80 (2025). The Court agrees with Judge Pham that Plaintiff has not plausibly alleged any facts to support a claim of excessive force. (ECF No. 15 at PageID 154.) Plaintiff's excessive force claim therefore fails as well.

Lastly as to Plaintiff's *Monell* claim, Judge Pham correctly explains that Plaintiff needs to connect an employee's unlawful conduct to a municipal policy or custom. (*Id.* at PageID 149 n. 9.) The Court agrees that Plaintiff's *Monell* claim necessarily fails because he has not plausibly alleged a constitutional violation, or a statutory violation for that matter. (*Id.*)

Judge Pham's R&R has no clear error. The Court therefore **ADOPTS** the R&R's recommendation to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

The Court has reviewed Judge Pham's R&R and finds no clear error. The Court therefore **ADOPTS** the R&R's recommendation to dismiss the Complaint. For these reasons, the Court **DISMISSES** Plaintiff's case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 18th day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE